FILED & ENTERED

JUL 10 2015

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY tatum    DEPUTY CLERK

**OPINION NOT FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>**STEVEN ALTAMIRANO,**<br><br>   **Debtor**. | Case No. 2:15-bk-14014-RK<br><br>Chapter 7<br><br>**MEMORANDUM DECISION ON MOTION OF DEUTSCHE BANK NATIONAL TRUST COMPANY FOR RELIEF FROM STAY**<br><br>Date:  July 7, 2015<br>Time:  10:30 a.m.<br>Place:  Courtroom 1675<br>     255 East Temple Street<br>     Los Angeles, CA 90012 |

  Pending before the court is the motion of Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Loan Trust 2005-2 ("Movant") for Relief from the Automatic Stay ("Motion"). ECF 11. The Motion seeks relief from stay as to real property located at 9319 Cord Avenue, Downey, California 90240. Debtor Steven Altamirano ("Debtor") filed an untimely written opposition to the Motion on July 1, 2015, which the court has considered in ruling on the Motion. ECF 18. At the hearing on the Motion on July 7, 2015, Merdaud Jafarnia of the law firm of McCarthy & Holthus, LLP, appeared for Movant, and Debtor appeared for himself. After hearing arguments from the parties, the court took the matter under submission, and after further consideration of the moving and opposing papers, now grants the Motion for the following reasons.

1    In his opposition, Debtor makes two arguments for denial of the Motion.  First,
2 Debtor contends that he was not properly served with a copy of the Motion and that he
3 only discovered the existence of the Motion on June 23, 2015, which precluded him from
4 filing a timely response.  Opposition, ECF 18 at 4:7-13 (page:line(s)).  As the court noted
5 at the hearing, the Proof of Service for the Motion under a declaration under penalty of
6 perjury of Wai Tang, an employee of counsel for Movant, indicates service by mail of the
7 Motion was made on Steven Altamirano, Debtor, on May 28, 2015 at the mailing address
8 of 9319 Cord Avenue, Downey, California 90240, which is Debtor's address as listed on
9 the case docket and as he orally acknowledged at the hearing.  *See also,* 28 U.S.C. §
10 1746(2)(statements in an unsworn declaration under penalty of perjury may be received
11 into evidence like sworn testimony).  Thus, the court finds that Movant has made a *prima
12 facie* showing that it mailed a copy of the Motion to Debtor more than 21 days before the
13 hearing on the Motion on July 7, 2015, which would be proper service under Local
14 Bankruptcy Rule 9013-1(d).  Regardless of whether Debtor received a copy of the Motion
15 in the mail, the court observes that, as Debtor acknowledged in his opposition and orally
16 at the hearing, he did learn of the Motion by June 23, 2015, which was at least 14 days
17 before the hearing, and he was able to prepare and file a meaningful opposition to the
18 Motion before the hearing, which he filed on July 1, 2015.  The court indicated at the
19 hearing that it has fully considered Debtor's written opposition to the Motion after hearing
20 from counsel for Movant that it was not opposed to the court's consideration of Debtor's
21 untimely opposition.  Therefore, even if the court assumes that Debtor was not properly
22 served, any alleged prejudice to Debtor from that purported lack of service is mitigated
23 and the court overrules the objection to the Motion on this ground.
24    Debtor's second argument is that Movant lacks standing to bring this Motion
25 because Movant does not hold the relevant promissory note.  Opposition, ECF 18 at
26 2:18-3:10.  In this regard, Debtor makes two distinct arguments that Movant has not
27 shown that it is the real party in interest as the holder of the promissory note, and that if it
28 is not the holder of the note, it has not joined the holder of the note as an indispensable

Case 2:15-bk-14014-RK    Doc 19    Filed 07/10/15    Entered 07/10/15 12:54:19    Desc
Main Document    Page 3 of 8

or necessary party to this proceeding, relying heavily upon this court's opinion in *In re Kang Jin Hwang,* 393 B.R. 701, 712 (Bankr. C.D. Cal. 2008). As an initial matter, the court observes that Debtor's reliance upon the cited opinion in *In re Kang Jin Hwang* is misplaced because that particular opinion was withdrawn. *In re Kang Jin Hwang,* 2008 WL 4899273 (Bankr. C.D. Cal. 2008), *withdrawing opinion from publication cited at* 393 B.R. 701-711 (Bankr. C.D. Cal. 2008). The court amended and reissued an opinion in *In re Kang Jin Hwang,* 396 B.R. 757 (Bankr. C.D. Cal. 2008), and apparently, this is the opinion of the court which Movant now relies upon. But if that is the case, such reliance would be misplaced on the merits because the court's opinion is no longer good law, having been reversed by the district court. *In re Hwang,* 438 B.R. 661 (C.D. Cal. 2010), *reversing and remanding,* 396 B.R. 757 (Bankr. C.D. Cal. 2008).

Debtor also cites the case of *In re Foreclosure Cases,* 521 F. Supp. 2d 650, 653 (S.D. Ohio 2007) for the proposition that in a foreclosure action, Movant must show that it is the holder of the note and the mortgage at the time the complaint was filed and that the holder of the note and the mortgage is harmed, usually by not having received payments on the note. This cited case is inapplicable because it is not shown to interpret California state law. California law governs the note and deed of trust in this case as indicated by the terms of the deed of trust defining the governing law as the law of the state where the property is situated — California. Aside from confusing the applicable state law, Debtor has also confused the applicable standard to determine Movant's standing, which is different in a proceeding to seek relief from the automatic stay as opposed to a foreclosure action. *In re Veal,* 450 B.R. 897, 914-915 (9th Cir. BAP 2011). In *Veal,* the Bankruptcy Appellate Panel of the Ninth Circuit held that because of the expedited nature of relief from stay motions and because rulings on relief from stay do not represent a final adjudication of the parties' rights and liabilities, "a party seeking stay relief need only establish that it has a colorable claim to enforce a right against property of the estate" to demonstrate standing to seek relief from the automatic stay under 11 U.S.C. § 362. *Id., citing, United States v. Gould (In re Gould),* 401 B.R. 415, 425 n. 14 (9th Cir. BAP 2009);

*Biggs v. Stovin (In re Luz International, Inc.),* 219 B.R. 837, 842 (9th Cir. BAP 1998); and *Grella v. Salem Five Cent Savings Bank,* 43 F.3d 26, 32 (1st Cir. 1994).

Debtor also cites Federal Rules of Bankruptcy Procedure 4001(a) and 7017, as well as *In re Jacobson*, 402 B.R. 359, 365-366 (Bankr. W.D. Wash. 2009), in support of his argument that Movant lacks standing to bring the Motion because it is not the real party in interest. Opposition, ECF 18 at 3:27-4:2. This argument has no merit because *Jacobson* is inapplicable because the court in that case was interpreting Washington state law whereas California state law is applicable here, and as described below, Movant has offered unrebutted evidence that it holds the promissory note and is thus a real party in interest. *In re Hwang,* 438 B.R. at 665-666 and n. 4 (holding under California law, the holder of a promissory note has the right to enforce the note and as such, is a real party in interest with standing to seek relief from the automatic stay to enforce its right).

Movant offered evidence that it holds the relevant promissory note as attested to by its witness, Yesenia Villagomez, in her declaration under penalty of perjury with a copy of the note attached as Exhibit 4 to the Motion which appears to bear Debtor's signature, which is not disputed by him. Motion at 7 and Exhibit 4 attached thereto; *see also,* Opposition at 1-5. Movant's evidentiary showing that it possesses and holds the relevant note is unrebutted by Debtor, and the court so holds. Debtor argues that "There is no evidence that [Movant] is the holder of the promissory note. To the contrary AND AS SAHOWN [sic] BY Debtor's Exhibit "B", SELECT PORTFOLIO SERVICING, Inc, is the holder of the promissory note and the real party in interest." Opposition at 3:22-26. As noted, Movant has provided evidence that it is the holder of the promissory note. Moreover, Debtor offered no evidence in his opposition, either in the form of testimony through unsworn declarations or otherwise or in authenticated exhibits to contradict Movant's evidence other than the conclusory and uncorroborated statements made in his declaration that "My mortgage is with Select Portfolio Servicing as you will see from the rent [sic] mortgage statement I received" and that "Deutsche Bank is not my mortgage

1  Company and have [sic] no idea why they should file this motion." Opposition at 5:13-16.
2  Neither "Exhibit B" referred to by Debtor in his opposition nor the "[cur]rent mortgage
3  statement I received" was attached to the opposition, and the court could not otherwise
4  locate either of these documents as exhibits in order for them to be considered as
5  evidence of any kind. Thus, according to the district court's opinion in *In re Hwang,* the
6  fact that Movant holds the note, as established by unrebutted evidence, shows that it is
7  the real party in interest to enforce the note and to seek relief from the automatic stay.
8  438 B.R. at 665-666, *citing inter alia,* California Commercial Code, §§ 1201(b)(21) and
9  3301. That Debtor in his declaration disputes that Deutsche Bank is his mortgage
10 company does not raise any genuine issue of material fact to be resolved by the court in
11 deciding the Motion because the unrebutted evidence submitted by Movant — the
12 declaration of Ms. Villagomez with copies of the note and corporate assignment of deed
13 of trust as exhibits to the Motion showing that Movant is holding the note and is the
14 assignee of the deed of trust — demonstrates for the purposes of this motion that it has
15 at least a colorable claim to enforce its rights against property of the bankruptcy estate,
16 thus giving it standing to seek stay relief under case law such as *In re Veal.*
17        Even if Debtor's contention that Movant does not hold the note were true,
18 California law regarding nonjudicial foreclosure permits a party to foreclose based solely
19 on its status as an assignee of a lender's rights under a deed of trust, without regard to
20 who holds the borrower's promissory note. California Civil Code, § 2924 *et seq.;*
21 *Debrunner v. Deutsche Bank National Trust Co.*, 204 Cal. App. 4th 433, 439-442 (2012);
22 *accord, Siliga v. Mortgage Electronic Registration Systems, Inc.,* 219 Cal. App. 4th 75, 84
23 n. 5 (2013); *Jenkins v. JP Morgan Chase Bank, N.A.,* 216 Cal. App.4th 497, 512-513
24 (2013); *see also, In re Veal,* 450 B.R. at 916-917 and n. 34 (discussing California
25 nonjudicial foreclosure law in dicta). California Civil Code, § 2924(a)(1), provides that a
26 "trustee, mortgagee or beneficiary or of their authorized agents" may conduct the
27 foreclosure process, and California Civil Code, § 2924(b)(4) provides that a "person
28 authorized to record the notice of default or the notice of sale" includes "an agent for the

mortgagee or beneficiary, an agent of the named trustee, any person designated in an executed substitution of trustee, or an agent of that substituted trustee." *See also, In re Veal,* 450 B.R. at 917 n. 34. Here, Movant has offered evidence showing that it is the assignee of the lender's rights under the relevant deed of trust based on a recorded corporate assignment of deed of trust, which appears to bear Debtor's signature and which is not disputed by him. Other documents evidencing transfers of interests in the deed of trust to Movant by merger and succession are also not disputed by Debtor. Motion at 7 and Exhibit 3 attached thereto; Exhibits 1 through 3 to Motion consisting of Deed of Trust, Merger Documents showing merger of original lender, Long Beach Mortgage into Washington Mutual Bank, later in receivership of the Federal Deposit Insurance Corporation, which executed the corporate assignment to deed of trust to Movant, transferring rights of lender and trustee under original deed of trust to Movant; *see also,* Opposition at 1-5. This evidentiary showing through the declaration of Yesenia Villagomez is also unrebutted, and the court so finds that Movant is the assignee of lender's rights under the relevant deed of trust, which gave Movant the rights to enforce against the subject real property pursuant to the original deed of trust through nonjudicial foreclosure pursuant to California Civil Code, § 2924 *et seq.* Therefore, Debtor's argument that Movant lacks standing to bring this Motion is further discredited because the uncontroverted evidence and law show that Movant has authority under applicable California state law to foreclose based on its status as an assignee of the deed of trust and as the holder of the note secured by the deed of trust, therefore giving Movant a colorable claim under California law to enforce a right against property of the bankruptcy estate. Movant therefore meets the "colorable claim" standing requirement as laid out by the Bankruptcy Appellate Panel in *In re Veal.*

      For the reasons stated above, the court determines that Movant has standing to seek relief from the automatic stay and overrules Debtor's objection to the Motion based on lack of standing. The court further determines that Movant has met its burden of proving the lack of equity of Debtor in the subject real property under 11 U.S.C. §

1  362(d)(2) and (g)(1) based on Debtor's bankruptcy schedules.  Movant attached a copy
2  of Schedule A, Real Property, from Debtor's bankruptcy petition, ECF 1, as Exhibit 6 to
3  the Motion, indicating that Debtor had reported the current value of his interest in the real
4  property at $780,000.00, with a secured claim against it in the amount of $1,300,000.00.
5  The court also determines that Debtor, as the party opposing stay relief, has not met his
6  burden of proof on the other issues raised by the Motion under 11 U.S.C. § 362(g)(2),
7  including the other factor under 11 U.S.C. § 362(d)(2) because the property is not
8  necessary to an effective reorganization of the debtor.  It is undisputed that Debtor filed
9  this bankruptcy case under Chapter 7 of the Bankruptcy Code, 11 U.S.C., as shown by
10 his bankruptcy petition filed on March 17, 2015, ECF 1 at 1-3 (with the box for Chapter 7
11 checked off on the first page of the petition for chapter of Bankruptcy Code under which
12 the petition is filed, which was signed by Debtor), which makes this case a liquidation
13 bankruptcy case.  11 U.S.C. § 701, *et seq*.  Therefore, this other factor under 11 U.S.C. §
14 362(d)(2), that the property is not necessary for an effective reorganization of the debtor,
15 is met because this is a liquidating bankruptcy case and not a reorganizing bankruptcy
16 case.  Accordingly, the court determines that the Motion should be granted under 11
17 U.S.C. § 362(d)(2).  Because the court grants relief under 11 U.S.C. § 362(d)(2), the
18 court need not resolve Movant's other claim under 11 U.S.C. § 362(d)(1) and does not
19 grant or deny relief under that claim.  The court declines to exercise its discretion to
20 waive the 14-day stay on enforcement of its order granting relief from stay pursuant to
21 Federal Rule of Bankruptcy Procedure 4001(a)(3) because Debtor filed an opposition to
22 the Motion and may decide to appeal the court's decision on the Motion within the
23 applicable time period.
24 ///
25 ///
26
27
28

Movant is ordered to lodge a proposed order for relief from stay on the court's mandatory order form within 14 days of the entry of this memorandum decision.

IT IS SO ORDERED

###

Date: July 10, 2015

_____
Robert Kwan
United States Bankruptcy Judge